# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER J. ARNDT, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 08-cv-224-DRH |
| UNKNOWN PARTY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

At the time he filed the instant complaint, Plaintiff was an inmate at the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for alleged violations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Also before the Court is Plaintiff's motion to appoint counsel (Doc. 3).

**THE COMPLAINT**

Plaintiff alleges that on September 5, 2007, while he was confined at the Tamms Correctional Center (Tamms), a member of the Illinois Department of Corrections's tactical team struck Plaintiff in the back causing injuries to his neck and back. Plaintiff seeks damages against the unknown tactical team officer for allegedly using "unnecessary and excessive force" in violation of Plaintiff's Eighth Amendment rights.

Plaintiff further alleges that Defendant Clark was on duty when the injury occurred. At that time, Defendant Clark was supervising the training of the tactical team. Plaintiff alleges that Defendant Clark was negligent in overseeing the tactical team's training.

Plaintiff states that he filed grievances seeking a job change due to the injuries he sustained to his neck and back. Plaintiff asserts that Defendant Bartley denied his grievances. Plaintiff alleges that he is being forced to work a job that causes him severe pain and which is beyond his physical capabilities in violation of his Eighth Amendment rights.

Plaintiff states that on October 21, 2007, Defendant Clark made him lift a table weighing thirty-five pounds. Plaintiff claims that lifting the table caused him pain and further injury. Plaintiff appears to claim that being ordered to lift the table violated his Eighth Amendment rights.

Plaintiff charges that Defendant Clark directed Defendant Dillingham to issue false disciplinary reports against him. Specifically, Plaintiff contends that he was given a disciplinary action report for possessing sandpaper which could be used by Plaintiff to make a weapon. Before the disciplinary process was completed, Plaintiff was transferred from Tamms to Pickneyville Correctional Center which was a more restrictive facility. Plaintiff alleges that he was denied due

process of law by Defendants Clark and Dillingham.

Plaintiff asserts that Defendant Powers has denied him adequate medical treatment for his neck and back injuries. Specifically, Plaintiff alleges that Defendant Powers refuses to order x-rays for his back because he has a "fear of finding additional problems." Plaintiff further alleges that Defendant Powers has refused to do anything about "abnormalities" that were found in x-rays taken of his neck.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into six counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant Unknown Party (Tactical Team Officer) for allegedly using excessive force against Plaintiff on or about Septmeber 5, 2007, in violation of Plaintiff's Eighth Amendment rights.

**COUNT 2:** Against Defendant Clark for negligence in supervising the training exercise during which the Unknown Party allegedly injured Plaintiff as asserted in Count 1.

**COUNT 3:** Against Defendant Bartley for allegedly refusing to reassign Plaintiff to a different job and forcing Plaintiff to work a job that caused him pain and was beyond his physical capabilities in violation of Plaintiff's Eighth Amendment rights.

**COUNT 4:** Against Defendant Clark for allegedly ordering Plaintiff to lift tables which caused him pain and was beyond his physical capabilities in violation of Plaintiff's Eighth Amendment rights.

**COUNT 5:** Against Defendants Clark and Dillingham for allegedly issuing Plaintiff false conduct violations that resulted in Plaintiff being transferred to a more restrictive prison in violation of Plaintiff's Fourteenth Amendment right to Due Process of law.

**COUNT 6:** Against Defendant Powers for allegedly denying Plaintiff adequate medical care for Plaintiff's neck and back injuries.

**DISCUSSION**

Counts 1, 3, 4, and 6 of the complaint against Defendants Unknown Party, Bartley, Clark and Powers survive review under 28 U.S.C. § 1915A and should not be dismissed at this time.

Count 2 of the complaint against Defendant Clark, however, should be dismissed pursuant to § 1915A. In Count 2, Plaintiff alleges only that Clark was negligent in supervising the tactical team's training. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, Count 2 should be dismissed.

Count 5 of the complaint against Defendants Clark and Dillingham should also be dismissed. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

Furthermore, a prisoner has a liberty interest only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a liberty interest is created only if the conditions under which the prisoner is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir.

1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was transferred to Pinckneyville Correctional Center. Nothing in the complaint or exhibits suggests that the conditions that he had to endure at Pinckneyville were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

Finally, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion to appoint counsel (Doc. 3) will be denied.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claim that Defendant Clark was negligent in supervising the tactical team's training exercise (Count 2) is **DISMISSED.**

5

**IT IS FURTHER ORDERED** that Plaintiff's claim that he was denied Due Process of Law by Defendants Clark and Dillingham in connection with the disciplinary reports (Count 5) is **DISMISSED**.

**IT IS FURTHER ORDERED** that because there are no other claims pending against him, Defendant Dillingham is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Bartley, Clark, and Powers**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Bartley, Clark, and Powers** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. **Service shall not be made on the Unknown Defendant until such time as Plaintiff has identified him or her by name on a USM-285 form and in a properly filed amended complaint.** Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individuals.

With respect to former employees of Illinois Department of Corrections who no longer can

be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants **Bartley, Clark, and Powers** are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** September 24, 2008.

/s/ DavidRHerndon
**DISTRICT JUDGE**