IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER ARNDT,**

**Plaintiff,**

**v.**

**KENNETH G. BARTLEY,** *et al.***,**

**Defendant.**                                              **No. 08-cv-224-DRH**

**ORDER**

**HERNDON, Chief Judge:**

### I. INTRODUCTION & BACKGROUND

On September 9, 2009, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and for failure to serve a certain Defendant identified only as "Unknown Party." (Doc.23). On September 18, 2009, Plaintiff filed his response to the Court's September 9th Order. In his Response, Plaintiff requests that the case remain open and states that "6 months ago" he requested from the Illinois Department of Corrections, medical records and the Internal Affairs Report identifying the tactical team member currently identified only as "Unknown Party."(Doc. 26).

None of Plaintiff's statements in his response shows good cause why the case should not be dismissed. Nor does Plaintiff's response to the Court's show cause order provide any explanation for Plaintiff's failure to respond to the pending summary judgment motion. The records referred to in Plaintiff's response have no bearing on Plaintiff's failure to exhaust his administrative remedies, which is the sole

basis of the summary judgment motion.  Plaintiff's response also does not provide an adequate reason that "Unknown Party" was not served within 120 days as required by Rule 4(m).  That time limit expired long before Plaintiff claims he requested records to discover that person's identity.  Nonetheless, given Plaintiff's response and his *pro se* status, the Court will not dismiss the case, with prejudice, as a sanction for failure to prosecute.  Instead, the Court will consider the currently pending dispositive motions. (Docs. 13 & 24).  Additionally, pursuant to Federal Rule of Procedure 4(m) the Court will consider whether the case should be dismissed, without prejudice, as to "Unidentified Party."

Following threshold screening pursuant to 28 U.S.C. § 1915(a), the following claims in the Complaint remained:

> Count 1: Against Defendant "Unknown Party" (Tactical Team Officer) for allegedly using excessive force on or about September 5, 2007 in violation of Plaintiff's 8th Amendment rights
>
> Count 3: Against Defendant Bartley for allegedly refusing to reassign Plaintiff to a different job and forcing Plaintiff to work a job that caused him pain and was beyond his physical capabilities in violation of Plaintiff's 8th Amendment rights
>
> Count 4: Against Defendant Clark for allegedly ordering Plaintiff to lift tables that caused him pain and was beyond his physical capabilities in violation of Plaintiff's 8th Amendment rights
>
> Count 6: Against Defendant Powers for allegedly denying Plaintiff adequate medical care

Defendants Bartley and Clark move for summary judgment on Counts 3 and 4 based on Plaintiff's purported failure to exhaust his administrative remedies.  (Doc. 13). Despite Court orders warning him of the consequences, (Docs. 17 & 24), Plaintiff still

has not filed a Response to the summary judgment motion nor has he explained his failure to respond to the Court. Regarding the claim in Count 1 against "Unknown Party," the Court notes that Defendants' Summary Judgment Motion also points out that Plaintiff failed to exhaust his administrative remedies for that incident as well. (Doc. 13-2, pp. 24-25). Defendant Powers and Plaintiff filed a joint motion to dismiss Count 6 against Defendant Powers, with prejudice. (Doc. 24). Thus, the pending motions address all remaining counts in Plaintiff's Complaint.

## II.  LEGAL STANDARDS

### A.  Summary Judgment Standard

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** ***Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323)**. In reviewing a summary judgment motion, this Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995)**. This Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. ***Regensburger***

*v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if a party fails to make a showing of an essential element of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In response to a motion for summary judgment, the non-movant may not simply rest on the allegations in his pleadings; rather, he must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994). Summary judgment is proper if a party fails to make a showing supporting the existence of an essential element of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324, 106 S.Ct. 2548 (1986). Finally, Local Rule 7.1(c) provides, in relevant part, that the "[f]ailure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c).

B.  **Exhaustion of Administrative Remedies**

Plaintiff's former status as an inmate[1] subjects his claims to the provisions of the Prisoner Litigation Reform Act ("PLRA"). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted.*" **42 U.S.C. § 1997e(a) (emphasis added).** The burden of proof on the issue of exhaustion lies with Defendants. *Westefer v. Snyder,* **422 F.3d 570, 577 (7th Cir 2005).** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Doe v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006) (noting "[t]his circuit has taken a strict compliance approach to exhaustion.").** In addition, exhaustion must occur before the suit is filed. *Ford v. Johnson,* **362 F.3d 395, 398 (7th Cir. 2004).** "Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending." *Id.* Finally, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require.". *Pozo v. McCaughtry,* **286 F.3d 1022, 1025 (7th Cir. 2005).** For former prisoners, a dismissal for failure to exhaust administrative grievances is a final and appealable order because the administrative grievance process is no longer available to the prisoner; thus, he cannot cure the defect in the complaint. *Dixon v. Page*, **291 F.3d 485, 488 (7th Cir.**

---

[1] Plaintiff notified the Court of two changes of address. Neither address is that of an IDOC facility. Thus, the Court presumes Plaintiff is no longer incarcerated. (Docs. 5 & 16).

2002).

As an inmate confined by the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures For Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code §504.800 *et seq.*** The grievance procedures first require inmates to speak with their counselor about their complaint. **20 Illinois Administrative Code § 504.810(a).** If the inmate feels the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Illinois Administrative Code 504.810(a)(b)**. "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer . . . [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Administrative Code §504.830(d)**. The Chief Administrative Officer is the highest ranking official at the corrections facility. **20 Ill. Administrative Code §504.802**.

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review

Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Administrative Code §504.850(a)**. "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Administrative Code §504.850(e)**. "The director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Administrative Code §504.850(e)(f)**.

An inmate may request a grievance be handled as an emergency by forwarding the grievance directly to the Chief Administrative Officer. **20 Ill. Administrative Code §504.840.** The Chief Administrative Officer must evaluate the grievance to determine if there is a substantial risk of imminent personal injury or other serious or irreparable harm and respond to the grievance indicating what action will be taken. **20 Ill. Administrative Code §504.840.**

  C. **Federal Rule of Civil Procedure 4(m)**

Rule 4(m) provides, in relevant part, that "[i]f a defendant is not served within

120 das after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant . . .." **FED R. CIV. P. 4(m)**. Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." **FED R. CIV. P. 4(m)**.

### D. Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41

Defendant Powers and Plaintiff jointly move to dismiss Plaintiff's claims against Powers, with prejudice. (Doc. 24). Although not cited in the Motion, the Court presumes that this Motion is pursuant to Rule 41 of the Federal Rules of Civil Procedure. In the case at bar, Rule 41(a)(1) does not apply because (a) the opposing parties have answered and/or moved for summary judgment and (b) not all the parties to this action signed a stipulation of dismissal. Thus, Rule 41(a)(2) governs. That rule provides, in relevant part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper." **Fed. R. Civ. P. 41(a)(2)**.

### III. ANALYSIS

### A. Defendants' Motion for Summary Judgment

Pursuant to **Local Rule 7.1(c)**, the Court finds Plaintiff's failure to respond to Defendants' Motion for Summary Judgment as an admission of the merits of the motion. The Court gave Plaintiff more opportunity to respond to the Motion than the Rules require and warned Plaintiff, repeatedly, that his failure to respond

could result in dismissal of his claims. (Docs. 17 & 24). Nonetheless, he neither responded nor offered any explanation for his failure to respond.

Defendants' summary judgment arguments are based solely upon Plaintiff's failure to exhaust the administrative grievance process. Moreover, as noted in Defendants' brief, and supported by the record, Plaintiff also failed to exhaust the administrative grievance procedure in regard to the claim against "Unknown Party" set forth in Count 1. (Doc. 13-2, pp. 24-25). Thus, a dismissal, without prejudice, of Plaintiff's claims against Defendants Clark, Bartley, and "Unknown Party" is appropriate.

### B. Dismissal for Failure to Effectuate Service of Process

Even if "Unknown Party" could not be dismissed, without prejudice, based on Defendants' summary judgment motion, dismissal would still be appropriate as to "Unknown Party." As noted in the Court's show cause order, Plaintiff neither identified or served "Unknown Party." The Court repeatedly warned Plaintiff that the responsibility to identity "Uknown Party" was his and that the failure to timely serve that party could result in dismissal of his claims. (Docs. 6 & 23). Given Plaintiff's failure to show good cause, the Court finds that Plaintiff's claims against "Unknown Party" should be dismissed, without prejudice pursuant to Rule 4(m).

### C. Dismissal of Claims against Defendant Powers Pursuant to Rule 41(a)(2)

The Court finds that the terms of Plaintiff's and Defendant Powers' Joint

Motion for Dismissal are proper. The motion indicates that the other defendants consent to its terms and is signed by Plaintiff and Defendant Powers. Accordingly, the Court will dismiss Plaintiff's case against Defendant Powers, with prejudice, as requested in the Joint Motion

### IV. CONCLUSION

In sum, the Court dismisses all of Plaintiff's remaining claims as follows: **(A)** for failure to exhaust his administrative remedies, the Court **DISMISSES, WITHOUT PREJUDICE**, Plaintiff's claims against Defendants Bartley, Clark, and "Unknown Party;" **(B)** alternatively, the Court **DISMISSES, WITHOUT PREJUDICE,** Plaintiff's claim against "Unknown Party" for failure to timely serve that party pursuant to Federal Rule of Civil Procedure 4(m); and **(C)** the Court **DISMISSES, WITH PREJUDICE,** Plaintiff's claims against Defendant Powers pursuant to the those parties' Joint Motion.

**IT IS SO ORDERED.**

Signed this 22nd day of September, 2009.

/s/      *DavidRHerndon*

**Chief Judge**
**United States District Court**